UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 26-00295 |
| ) | |
| SKYLINE INTERNATIONAL, INC., ) | |
| SKYLINE BRANDS, INC., ) | |
| and ZAINULABEDIN SUBHANI, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

The United States, by and through its undersigned attorneys, hereby brings this action

against defendants Skyline International, Inc. (Skyline International), Skyline Brands, Inc.

(Skyline Brands), and Zainulabedin Subhani, and alleges the following:

1.      This is an action to recover unpaid custom duties and to enforce a monetary civil

penalty pursuant to 19 U.S.C. § 1592.

2.      This Court possesses exclusive jurisdiction to entertain this action pursuant to 28

U.S.C. § 1582.

3.      At all times relevant to the matters described in this complaint, and upon

information and belief, defendants Skyline International and Skyline Brands were incorporated

in the State of Illinois and their registered address is 1400 Centre Circle, Downers Grove, Illinois

60515.

4.      At all times relevant to the matters described in this complaint, and upon

information and belief, defendant Zainulabedin Subhani was the managing director and owner of

both Skyline International and Skyline Brands and directed the activities of those businesses. Upon information and belief, Mr. Subhani resides at either 2720 S. Highland Ave. Apt #313 Lombard, Illinois 60148 or 9145 W. Church St., Des Plaines, Illinois 60016, or at both locations.

5.    At all times relevant to the matters described in this complaint, defendants were in the business of, among other things, importing various household merchandise such as kitchen tools, bathroom accessories, wireless speakers, and outdoor lights.

6.    At all times relevant to the matters described in this complaint, Mr. Subhani was the individual responsible for directing Skyline International and Skyline Brand's imports of household merchandise and Mr. Subhani caused imported household merchandise to be entered into the United States.

7.    During the period between May 1, 2013 through on or about May 1, 2018, defendants caused to be entered or introduced (or attempted to enter or introduce) into the commerce of the United States household merchandise (the subject merchandise) under cover of one-hundred and fifty-five (155) entries (the subject entries) filed with U.S. Customs and Border Protection (CBP) at various ports, including the Port of Los Angeles/Long Beach Seaport, California and the Port of Chicago, Illinois.  The subject entries are identified in Exhibit A to this complaint.

8.    The subject merchandise covered by the subject entries was entered or introduced into the commerce of the United States by means of material false statements, acts, or omissions.

9.    Specifically, Mr. Subhani directed Skyline International and Skyline Brands to use invoices received from vendors to create false invoices that understated the dutiable value of the subject merchandise.  Defendants' customs brokers used the false invoices tendered by defendants to calculate the duties and fees due to CBP for the subject entries.  Defendants did not

submit the original vendor invoices to CBP at the time the defendants made each subject entry.

10.    For example, at the time of entry on January 25, 2017, Skyline Brands and Mr. Subhani misrepresented the dutiable value of the subject merchandise for subject entry number EKH06450392.  Skyline Brands and Mr. Subhani submitted false invoices purporting the dutiable value of the subject merchandise for subject entry number EKH06450392 to be, in total, $127,507.80.  The actual dutiable value of the subject merchandise for subject entry number EKH06450392 was $806,726.00.

11.    As an additional example, at the time of entry on September 29, 2016, Skyline International and Mr. Subhani misrepresented the dutiable value of the subject merchandise for subject entry number EKH06380672.  Skyline International and Mr. Subhani submitted false invoices purporting the dutiable value of the subject merchandise for subject entry number EKH06380672 to be, in total, $64,281.60.  The actual dutiable value of the subject merchandise for subject entry number EKH06380672 was $384,998.40.

12.    Defendants entered 155 entries of subject merchandise from 2013 through 2018, with each entry containing at least one material false statement or omission with respect to the dutiable value of the subject merchandise.  The specific date of entry, claimed value, actual value, and factual circumstances relating to each of these 155 entries are identified in Exhibit A.

13.    In addition, during the period between January 21, 2014 through on or about April 12, 2018, defendants made fourteen (14) payments to vendors in Hong Kong totaling $476,760.92.  Defendants' payments totaling $476,760.02 comprise undeclared merchandise value that was not declared to CBP and should have been subject to duties and fees.  The specific date, amount, and factual circumstances relating to each of these 14 undeclared payments are identified in Exhibit A.

14.    The false statements, acts, or omissions referenced in paragraphs 8 through 13 were material in that they had the potential to (and did) impact CBP's determinations regarding the amount of duties and fees owed by the defendants for their imports.

15.    Every importer of record must exercise reasonable care in entering merchandise into the United States.  *See* 19 U.S.C. § 1484(a)(1).

16.    Defendants did not exercise reasonable care in ensuring that its entry documentation was accurate before filing with CBP.  Mr. Subhani, through counsel, acknowledged to CBP that "there is sufficient basis for CBP to conclude that he acted negligently, and perhaps even grossly negligently, in failing to properly declare the value of the goods he imported."  Defendants therefore failed to take reasonable steps to ensure compliance with accurate entry requirements under 19 U.S.C. § 1484.

17.    Under these circumstances, defendants' material false statements, acts, and omissions referenced in paragraphs 8 through 13 resulted from their failure to exercise reasonable care and competence to ensure that statements made and information provided in connection with the importation of the subject merchandise was complete and accurate.

18.    Moreover, defendants' material false statements, acts, and omissions, as described in paragraphs 9 through 12, resulted from entering their imported merchandise into the United States by means of false invoices.  For each subject entry, defendants created and submitted these false invoices that undervalued the subject entries knowing that the invoices were false. And, for each subject entry, defendants knew the false invoices had the potential to (and did) alter the appraisement of their imported merchandise and their liabilities for duties and fees on the subject entries.  And, for each subject entry, defendants knew the false invoices would be used to enter their merchandise into the United States by tendering these invoices to their

4

customs brokers.

19.    On January 9, 2020, CBP issued a pre-penalty notice to defendants, jointly and severally.  The pre-penalty notice calculated the actual loss of revenue to be $447,111.99.   The pre-penalty notice also proposed a penalty of $3,456,644.76 based on a culpability of fraud.  The pre-penalty notice also proposed, in the alternative, a culpability of gross negligence or negligence.

20.    On February 21, 2020, defendants filed a written response to the pre-penalty notice.  On March 12, 2020, defendants provided an oral presentation in response to the pre-penalty notice.  In their responses, defendants requested significant mitigation of the proposed penalty to one based on negligence instead of fraud.

21.    On May 6, 2020, CBP issued a penalty notice to the defendants and demanded payment of $447,111.99 in actual lost revenue and $3,456,644.76 in penalties based on a determination of fraud.  Like the pre-penalty notice, the penalty notice asserted, in the alternative, a culpability of gross negligence or negligence.

22.    On October 6, 2020, defendants filed a petition for relief and requested significant mitigation of the assessed penalty "to the maximum allowable extent."  In their petition for relief, defendants claimed an inability to pay the assessed penalty.

23.    On December 2, 2021, CBP completed an inability to pay analysis and concluded that defendants were unable to support their claims of an inability to pay the assessed penalty.

24.    On June 9, 2023, CBP denied in full defendants' petition for mitigation of the assessed penalty, and on August 8, 2023, notified the defendants of the denial.

25.    On October 10, 2023, defendants filed a supplemental petition.

26.    On March 10, 2025, CBP denied defendants' supplemental petition.

27. All required notices, petitions for relief, and demands for payment were processed in accordance with applicable laws and procedures.

28. On or about August 4, 2020, Skyline International's surety paid $101,845.72 to CBP. On or about September 17, 2020, and January 13, 2021, Skyline Brands's surety paid a total of $53,915.90 to CBP. In addition to the sureties, from 2020 to 2022, defendants paid $94,553.23 to CBP. These payments were applied to the $447,111.99 in actual lost revenue referenced in paragraph 21 above. Accordingly, defendants remain liable, jointly and severally, for $196,797.14 in actual lost revenue and for $3,456,644.76 in penalties.

29. To date, defendants have not paid the balance of unpaid duties and penalties demanded by CBP, which total $3,653,411.90.

## COUNT I

30. The allegations contained in paragraphs 1 through 29 are restated and incorporated by reference.

31. By reason of the violations of 19 U.S.C. § 1592(a) identified in paragraphs 9 through 12, the defendants are jointly and severally liable, pursuant to 19 U.S.C. § 1592(d), for the restoration of lawful duties, taxes, and fees of which the United States has been deprived, in the amount of $427,070.13, plus interest as provided by law.

32. Additionally, by reason of the violations of 19 U.S.C. § 1592(a) identified in paragraph 13, the defendants are jointly and severally liable, pursuant to 19 U.S.C. § 1592(d), for the restoration of lawful duties, taxes, and fees of which the United States has been deprived, in the amount of $20,041.86, plus interest as provided by law.

## COUNT II

33. The allegations contained in paragraphs 1 through 32 above are restated and

incorporated by reference.

34.     Defendants entered, introduced, caused to be entered or introduced the subject entries contained in Exhibit A into the commerce of the United States by means of fraud in violation of 19 U.S.C. § 1592, as described above.

35.     By reason of their fraud, defendants are jointly and severally liable to the United States pursuant to 19 U.S.C. § 1592(c)(1) for a penalty in the amount of $3,416,561.04, which represents eight times the loss of lawful duties for the subject entries described in Exhibit A, plus interest as provided by law.

## COUNT III

36.     The allegations contained in paragraphs 1 through 35 above are restated and incorporated by reference.

37.     In the event that the Court determines that the acts described in paragraphs 9 through 12 were not the result of fraud, then they were the result of gross negligence in violation of 19 U.S.C. § 1592(a).

38.     By reason of their gross negligence, defendants are jointly and severally liable to the United States pursuant to 19 U.S.C. § 1592(c)(2) for a penalty in the amount of $1,708,280.52, which represents four times the loss of lawful duties and fees for the subject entries described in Exhibit A, plus interest as provided by law.

## COUNT IV

39.     The allegations contained in paragraphs 1 through 38 above are restated and incorporated by reference.

40.     In the event that the Court determines that the acts described in paragraphs 9 through 12 were not the result of gross negligence, then they were the result of negligence in

violation of 19 U.S.C. § 1592(a).

41.     By reason of their negligence, defendants are jointly and severally liable to the United States pursuant to 19 U.S.C. § 1592(c)(3) for a penalty in the amount of $854,140.26, which represents two times the loss of lawful duties and fees for the subject entries described in Exhibit A, plus interest as provided by law.

## COUNT V

42.     The allegations contained in paragraphs 1 through 41 above are restated and incorporated by reference.

43.     The statements, acts, and omissions referred to in paragraph 13 above resulted from defendants' failure to exercise reasonable care and competence to ensure that statements made and information provided in connection with their imports were complete and accurate and, thus, constitute negligent violations of 19 U.S.C. § 1592(a).

44.     By reason of the negligent violations referred to above, defendants are jointly and severally liable to the United States, pursuant to 19 U.S.C. § 1592(c)(3), for a civil penalty in the amount of $40,083.72, which represents two times the loss of lawful duties as described in Exhibit A, plus interest as provided by law.

## Prayer for Relief

WHEREFORE, the United States respectfully requests that the Court:

(a)     Enter judgment for the United States and against the defendants, jointly and severally, for:

      1.     a penalty in the amount of $3,416,561.04, pursuant to 19 U.S.C. § 1592(c)(1) and (c)(3), plus interest, costs, and fees (Counts II and V); or alternatively

2.     a penalty in the amount of $1,748,364.24, pursuant to 19 U.S.C.

§ 1592(c)(2) and (c)(3), plus interest, costs, and fees (Counts III and V); or

alternatively

3.     a penalty in the amount of $894,223.98, pursuant to 19 U.S.C.

§ 1592(c)(3) and (c)(3), plus interest, costs, and fees (Counts IV and V);

**and**

(b)     Enter judgment for the United States against the defendants, in the amount of

$447,111.99, pursuant to 19 U.S.C. § 1592(d), plus interest, costs, and fees (Count I); **and**

(c)     Award such additional relief as the interest of justice may require.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE
Deputy Director

OF COUNSEL:                                    /s/ An Hoang
STEVEN J. HOLTKAMP                    AN HOANG
Staff Attorney                                     Trial Attorney
Department of Homeland Security    Department of Justice
U.S. Customs and Border Protection  Civil Division
Office of the Associate Chief Counsel Commercial Litigation Branch
Chicago, IL 60607                              PO Box 480, Ben Franklin Station
                                                           Washington, D.C. 20044
                                                           (202) 616-3226
                                                           An.Hoang@usdoj.gov

January 8, 2025                                  Attorneys for Plaintiff